UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUDOLA AKINMOLA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 10-4417 (SDW) (MCA) <br><br> **OPINION** <br><br><br> April 9, 2012 |

**WIGENTON**, District Judge.

Before the Court is the United States of America's ("Respondent" or "Government") Motion to Dismiss ("Motion") Petitioner Oludola Akinmola's ("Petitioner" or "Akinmola") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Motion is decided without oral argument pursuant to Fed R. Civ. P. 78. For the reasons stated below, the Court **GRANTS** Respondent's Motion and **DECLINES** to issue a certificate of appealability.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 24, 2008, Federal Bureau of Investigation ("FBI") agents arrested Petitioner and his co-conspirators for their involvement in a multi-national identity theft ring. (Resp't Answer 1, 2.) Pursuant to a search warrant, the FBI conducted a search of Petitioner's residence, which revealed two suitcases containing documents in the names of stolen identities and Petitioner's "black book" of stolen identity information. (*Id.*) Subsequently, Akinmola was charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1439 ("Count 1") and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2 ("Count 2").

1

On April 24, 2009, the Government sent Akinmola's attorney a plea agreement. On June 12, 2009, Akinmola signed the plea agreement. (Plea Agreement.) Pursuant to the plea agreement, the parties agreed that a sentence within the stipulated guidelines range was reasonable and Petitioner agreed to waive his right to file any appeal or collateral attack provided the Court's sentence was within or below the guidelines range contained within the plea agreement. (Plea Agreement, Schedule A, ¶¶ 11-12.) Specifically, the parties agreed that Level 18, which has a sentencing range of twenty-seven to thirty-three months, was the appropriate total offense level under the United States Sentencing Guidelines for Count 1. (*Id.* ¶ 9.) The parties also agreed that Akinmola was required to serve a mandatory two year consecutive sentence for Count 2. (*Id.* ¶ 10.) With regard to Petitioner's waiver of appeal, the plea agreement provided in relevant part:

> Akinmola knows that he has and, except as noted below in this paragraph, voluntarily waive[d], the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court <u>if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 18 (for Count One) plus 24 months' consecutive imprisonment (for Count Two)</u>.

(*Id.* ¶ 12) (emphasis added).

Akinmola signed the plea agreement and acknowledged the following: "I have received this letter from my attorney, Stephen Goldenberg, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties." (Plea Agreement 6.)

On August 10, 2009, Akinmola entered a guilty plea before this Court. This Court conducted an extensive plea colloquy to determine that Akinmola understood the plea agreement. (Plea Tr., August 10, 2009.) The pertinent portions of the plea colloquy follow:

> THE COURT: Are you currently under the influence of any type of medication or any medical substance that would affect your ability to understand and appreciate the significance of entering a plea of guilty here today?
> THE DEFENDANT: Not that I know of.
> THE COURT: Are you on any type of medication?
> THE DEFENDANT: Yes.
> THE COURT: What type of medication?
> THE DEFENDANT: Anti-depressant . . . [and] [b]lood pressure pills . . . .
> THE COURT: Okay. And to the best of your knowledge, do any of these substances affect your ability to understand and comprehend?
> THE DEFENDANT: No.
> THE COURT: Okay. Have you had a complete opportunity to speak with Mr. Goldenberg with respect to the significance of entering a plea of guilty and the fact that you are waiving your right to trial in this matter?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And has he answered all of your questions?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Now . . . Is it fair to say that you do read, write and understand the English language?
> THE DEFENDANT: Yes, ma'am.
> ….
> THE COURT: Now, you've completed a form here today that's entitled: An application for permission to enter a plea of guilty. . . . .
> THE DEFENDANT: Yes.
> THE COURT: And was this document explained to you in its entirety and what's set forth in the document?
> ….
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Any questions that you had, were they answered by Mr. Goldenberg as it relates to this document? . . . .
> THE DEFENDANT: I understand everything.
> THE COURT: You went over this with him, Mr. Goldenberg?

   MR. GOLDENBERG:  Yes, your Honor.
   THE COURT:  I want to ask you some questions about the plea agreement. Can you make sure he has a copy in front of him, please[?]
 . . . .
   THE COURT:  And did you have the opportunity to go over this plea agreement in detail with your attorney?
   THE DEFENDANT: Yes, ma'am.
   THE COURT:  All right. Were all of your questions answered as it relates to this agreement?
   THE DEFENDANT: Yes, ma'am.
 . . . .
   THE COURT:  All right. And did you sign this document on June the 12th, 2009?
   THE DEFENDANT: Yes, ma'am.
 . . . .
   THE COURT:  And all of your questions with respect to this agreement, were they answered by him?
   THE DEFENDANT: Yes, ma'am.
   THE COURT:  Okay. All right. Drawing your attention to a couple of provisions. Specifically on page 4, there's a section entitled: Waiver of appeal and post sentencing rights. Do you see that? . . .
   THE DEFENDANT: Did - - yes, I see it.
   THE COURT:  . . . It reads: Oludola Akinmola, except as noted in this paragraph, voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under . . . Title 28 of the United States Code Section 2255, which challenges the sentence imposed by the sentencing court. If that sentence falls within or below the Guidelines range that result from the agreed total offense level of 18 for Count One, plus 24 months consecutive imprisonment for Count Two. You see that section?
   THE DEFENDANT: I see it.
   THE COURT:  Okay. Now, that section goes into detail about the circumstances under which you are waiving your right to attack any sentence that I impose. And specifically, if I impose a sentence that is at a total guidelines offense level of 18 or lower, then you cannot attack the sentence, essentially. And that's on Count One. Count Two carries a 24-month mandatory consecutive term to anything I impose on Count One. You understand that? All right. <u>So . . . once again, if I impose these as set forth in this plea agreement, you are waiving your right to appeal. Is this your intention</u>?
   THE DEFENDANT: Yes.

4

>           THE COURT: Okay. Now, you understand that obviously you had the right to file an appeal, but based on what's set forth in this agreement, you are waiving that right if these conditions are met. You understand that?
>           THE DEFENDANT: Waiving the right?
>           THE COURT: To file an appeal as to the sentence that . . . I impose upon you. <u>If I adhere to the conditions, that you are waiving your right to file an appeal. You understand that, do you</u>?
>           THE DEFENDANT: <u>Yes</u>.
>           THE COURT: All right. <u>You sure</u>?
>           THE DEFENDANT: <u>Yes, I'm sure</u>.
>           ….
>           THE COURT: <u>Once, again, is anyone forcing you to give up your right to file an appeal or collaterally attack any sentence if these conditions are met</u>?
>           THE DEFENDANT: <u>No</u>.
>           THE COURT: And I've already sort of alluded to it, but you understand that on Count Two, that there is a mandatory minimum prison term of two years that must be served consecutive to any imprisonment term that is imposed on Count One. You understand that?
>           THE DEFENDANT: Yeah.

(*Id.* at 3:6-11:20) (emphasis added).

On January 11, 2010, this Court sentenced Petitioner to fifty-one months in prison and three years supervised release. (J. 2-3, Jan. 12, 2010.) Specifically, the Petitioner was sentenced to twenty-seven months on Count 1 and a consecutive twenty-four month term on Count 2. (*Id.* at 2.)

On August 26, 2010, Akinmola filed a motion alleging a violation of his Sixth Amendment right to effective assistance of counsel. (Pet'r Br. 5.) Specifically, Petitioner claims that counsel failed to: (1) ensure that he was aware of the sentencing consequences of entering a guilty plea and (2) file a memorandum or object to the presentence investigation report ("PSI"). (*Id.* at 5-6.) Petitioner also asserts that the Court erred in its application of the sentencing

guidelines. (*Id.* at 5.) Subsequently, on September 16, 2011, the Government filed the present Motion.

## LEGAL STANDARD FOR § 2255 PETITIONS

A district court, in considering a petition under § 2255, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks omitted). If the § 2255 petition and the underlying case record show conclusively that the petitioner is not entitled to relief, the district court is not required to hold an evidentiary hearing. *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Furthermore, Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the" petition.

## ANALYSIS

### I. Waiver of Appeal

Generally, a criminal defendant may waive his/her right to an appeal if he/she knowingly and voluntarily enters into the waiver, unless the enforcement of the waiver works a miscarriage of justice. *U.S. v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001). Knowing and voluntary waivers of appeal are enforced to "preserve the finality of judgments and sentences imposed pursuant to valid pleas of guilty. Allowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens." *Id.* at 561 (internal quotation marks and citation omitted).

The waiver provision expressly prohibits Petitioner from filing a motion under § 2255 challenging the "sentence imposed by the sentencing court if that sentence falls within or below

the Guidelines range that results from the agreed total Guidelines offense level of 18 (for Count One) plus 24 months' consecutive imprisonment (for Count Two)." (Plea Agreement, Schedule A, ¶ 12.) The sentencing range for an offense level of 18 is twenty-seven to thirty-three months. Here, this Court sentenced Akinmola to a term of twenty-seven months, the low end of the guidelines range for an offense level of 18, on Count 1 and a consecutive twenty-four-month term on Count 2. (J. 2, Jan. 12, 2010.) Therefore, Akinmola's sentence was within the guidelines range and he is barred from collaterally attacking his sentence.

This Court next discusses whether Petitioner made his waiver knowingly and voluntarily, and if enforcement of the waiver will constitute a miscarriage of justice.

### A. Petitioner's waiver was knowing and voluntary

According to the Third Circuit, the sentencing judge's compliance with Fed. R. Crim. P. 11 plays a critical role in determining if a defendant's waiver of appeal was entered into knowingly and voluntarily. *Khattak*, 273 F.3d at 563. Rule 11(b)(1) provides:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
> ….
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N). Rule 11 further states: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

The record in this case clearly establishes that this Court complied with the Rule 11 requirements. During the plea colloquy, this Court confirmed that Petitioner was not misled or

7

coerced into entering into the plea agreement.  Furthermore, this Court explained the waiver provision to Petitioner in detail and ensured that Petitioner understood the terms of the plea agreement, including the waiver of appeal provision.  (Plea Tr. at 5:1-4, 7:17-8:19, 8:22-11:10, 11:11-14.)  Specifically, a detailed exchange occurred as set forth in the Factual and Procedural Background of this Opinion.

Not only does the above plea colloquy demonstrate that this Court complied with Rule 11, it also indicates that Akinmola knowingly and voluntarily waived his right to appeal or collaterally attack his sentence.  Furthermore, Petitioner's counsel provided him with a copy of the plea agreement, which Petitioner acknowledged he read and understood.  (Plea Agreement 6.)  Accordingly, this Court concludes that Petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence.  Next, this Court considers if enforcement of that waiver will amount to a miscarriage of justice.

### B. Enforcement of waiver of appeal would not work a miscarriage of justice

In *Khattak*, the Third Circuit "decline[d] to adopt a blanket rule prohibiting all review of certain otherwise valid waivers of appeals" because "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." 273 F.3d at 562.  The court did not identify specific instances when waivers of appeals will be unenforceable. *Id.* at 563.  Instead, it adopted the First Circuit's approach which considers the following factors:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.* (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

The record does not demonstrate that this Court committed an error, let alone one that will work a miscarriage of justice on Akinmola. Additionally, as stated earlier, Petitioner's sentence fell within the terms of his plea agreement. Petitioner has not identified a ground, which is not covered by the waiver, for a collateral attack or direct appeal in his petition. This Court concludes that the Petitioner made his waiver knowingly and voluntarily and its enforcement will not work a miscarriage of justice. Consequently, we decline to review the substantive issues Akinmola raises in his petition because the record conclusively demonstrates that he is not entitled to relief.

## II. Certificate of Appealability

For the reasons discussed above, this Court denies a certificate of appealability because Akinmola has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## CONCLUSION

For the reasons stated above, this Court grants Respondent's Motion, and denies a certificate of appealability.

s/Susan D. Wigenton, U.S.D.J.

cc:  Madeline Cox Arleo, U.S.M.J.